**Mary M. BODNE, Plaintiff,**

v.

**The GEO A. RHEMAN CO., INC., and Clinton C. Lemon, Jr., Kathryn C. Lemon, Mary L. Townsend and Kathryn L. Clark, as personal representatives for the Estate of C. Calhoun Lemon, Jr., Defendants.**

**No. 2:91–2380–18.**

United States District Court, D. South Carolina, Charleston Division.

Jan. 27, 1993.

---

Richard S. Rosen, Charleston, SC, for plaintiff.

J. Rutledge Young, Jr., Charleston, SC, for defendants.

## ORDER

NORTON, District Judge.

This matter is before the court on plaintiff's motion to amend the complaint.

## I. BACKGROUND

On August 12, 1991, Mary C. Bodne (hereinafter "Bodne") filed this action against The Geo A. Rheman Co. (hereinafter "Rheman Company") and the personal representatives to the Lemon Estate, Clinton C. Lemon, Jr., Kathryn C. Lemon, Mary L. Townsend, and Kathryn L. Clark (hereinafter collectively "personal representatives"), asserting claims under the following theories: (1) section 6972 of the Resource Conservation and Recovery Act (hereinafter "RCRA") of 1976, 42 U.S.C. § 6901, *et seq.;* (2) negligence; (3) ultrahazardous activity; (4) breach of lease; (5) common law indemnity; and (6) waste. Defendants thereafter moved to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1), (4), (6), (7) and 19(a) and (c). By order of this court, defendants' motion to dismiss plaintiff's state causes of action was denied, and defendants' motion to dismiss plaintiff's RCRA cause of action was granted without prejudice.[1]

On November 10, 1992, plaintiff moved to amend her complaint, adding two causes of action. First, plaintiff has reasserted her RCRA claim against both the personal representatives of the Lemon Estate and Rheman Company pursuant to 42 U.S.C. § 6972(a), stating that she has now appropriately complied with the notice provision requirements of 42 U.S.C. § 6972(b)(2)(A). Additionally, plaintiff has asserted a strict liability claim solely against Rheman Company pursuant to S.C.Code Ann. § 48–43–820 (Law.Co-op.1976 as amended). Defendants oppose this motion to amend.

## II. ANALYSIS

After responsive pleadings have been filed, a party may amend that party's pleading with the adverse party's written consent or with the court's permission. Fed.R.Civ.P. 15(a). Amendments "shall be freely given when justice so requires." *Id.* The general policy of the federal rules that favors the resolution of cases on the merits cabins this court's discretion. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). A district court must specify its reasons for denying an amendment unless the reasons are clear from the record. *Island Creek Coal Co. v. Lake Shore,* 832 F.2d 274, 279 (4th Cir.1987).

Specifically, the United States Supreme Court has established that amendments should be permitted in the absence of (1) undue delay; (2) bad faith or dilatory motives on the party of the movant; (3) repeated failure to cure deficiencies by

---

**1.** The RCRA claim was dismissed without prejudice because the applicable notice provisions had not been complied with in a timely manner.

amendments previously alleged; (4) undue prejudice to the opposing party; or (5) futility of the amendment. *Foman,* 371 U.S. at 182, 83 S.Ct. at 230. Delay alone is not a sufficient reason to deny an amendment, but is an appropriate reason when accompanied by bad faith, futility or prejudice. *Nat'l Bank of Washington v. Pearson,* 863 F.2d 322, 327 (4th Cir.1988).

Bodne requests permission to add two new causes of action, a reasserted RCRA claim and a new strict liability claim, to her complaint. Plaintiff insists that justice requires these amendments because neither of the amended causes of action alter or change the relevant facts or discovery in this case. Defendants insist that the plaintiff is improperly bringing a collateral attack on this court's previous order which granted defendants' motion to dismiss the RCRA claim, and also that the reassertion of the RCRA claim, at this late date, would result in severe prejudice. Additionally, defendants insist that S.C.Code Ann. § 48–43–820 (Law.Co-op.1976 as amended) does not provide for strict liability penalties and liabilities to be recovered in a private action; rather, recovery may only be had in a suit filed by the Attorney General in the name of the South Carolina Water Resources Commission. Each proposed amendment and counterargument is discussed individually below.

### A. RCRA Claim

█ Plaintiff has reasserted her claim against Rheman Company and the personal representatives of the Lemon Estate for contribution to the cleanup costs of the property in question, pursuant to RCRA, 42 U.S.C. § 6972.[2] In this court's prior order on defendants' motion to dismiss this claim, this court held that the plaintiff's complaint was defective in that it failed to comply with the notice requirements of RCRA set forth in 42 U.S.C. § 6972(b)(2)(A). Because the notice provisons were not met, this court dismissed the RCRA claim. *See Hallstrom v. Tillamook County,* 493 U.S. 20, 24–33, 110 S.Ct. 304, 308–12, 107 L.Ed.2d 237 (1989) (where the Supreme Court clearly mandated strict compliance with the notice requirements, stating that "we are not at liberty to create an exception where Congress has declined to do so.")

In dismissing the RCRA claim, this court stated "that if defendants' motion to dismiss is granted, then [plaintiff's] ... RCRA action against the personal representatives of the Lemon Estate will be forever barred by the South Carolina statute of limitations pertaining to suits against estates. S.C.Code Ann. § 62–3–803 (Law. Co-op.1986)." This court, however, also stated that plaintiff could still give the appropriate notice and re-file her claim against Rheman Company. Plaintiff has now reasserted her claim against both the personal representatives and Rheman Company. Defendant states that by pursuing the claim against the personal representatives, plaintiff is collaterally attacking the above stated language of this court's order.

Contrary to the defendants' assertions, the prior order of this court specifically stated that plaintiff's RCRA cause of action would be dismissed "without prejudice." Plaintiff correctly notes in her memorandum that the prior order did not specifically address the issue of whether the applicable state statute of limitations frustrates federal policy. This issue the court will address now.

"[A] state statute of limitations should not be applied where its application would frustrate federal policy." *Sierra Club v. Chevron U.S.A., Inc.,* 834 F.2d 1517, 1521 (9th Cir.1987). "State legislatures do not devise their limitations periods with national interests in mind, and it is the duty of the federal courts to assure that the importation of state law will not frustrate or

---

**2.** The statute provides in pertinent part:
[A]ny person may commence a civil action on his own behalf ... (B) against any person ... including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment....
42 U.S.C. § 6972(a)(1)(B).

interfere with the implementation of national policies. *Id.* citing *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 367, 97 S.Ct. 2447, 2454, 53 L.Ed.2d 402 (1977); *See also Chesapeake Bay Foundation v. Bethlehem Steel Corp.*, 608 F.Supp. 440 (D.C.Md.1985). "[W]hen a federal statute contains no limitations provision, a federal court should apply the 'most appropriate' statute of limitations provided by state law, unless there is a 'relevant' federal statute of limitations." *Sierra*, 834 F.2d at 1521. Thus, this court considers first whether a "relevant" federal statute exists. If one does exist, it should be applied. If one does not exist, then it is appropriate to look to an analogous state statute of limitations which does not frustrate any national policies. *See id.*

■ RCRA does not contain a statute of limitations provision. Plaintiff has suggested 28 U.S.C. § 2462 as a "relevant" federal statute of limitations.[3] This court agrees that § 2462 should be applied. Numerous courts have held that 28 U.S.C. § 2462 is the relevant federal statute of limitations to citizen actions under environmental statutes. *Sierra Club*, 834 F.2d at 1521 (citing cases which have held that § 2462 applies to citizen actions seeking the enforcement of civil penalties under the Clean Water Act, a statute which this court finds is comparable to RCRA). Accordingly, plaintiff's amended RCRA claim pursuant to 42 U.S.C. § 6972 is proper and timely.

Moreover, defendants' memorandum erroneously states that the defendants' have been severely prejudiced "solely because of the plaintiff's delay of ten months to perform a two month task." Defendants' Memorandum, p. 2. It should be pointed out that the applicable notice provision under 42 U.S.C. § 6972 in this case is a ninety (90) day period, instead of the sixty (60) day provision as asserted by defendants.[4] More importantly, the addition of a RCRA claim against the defendants is not prejudicial because it does not add any new facts to the case nor does it require any additional discovery. *See Buder v. Merrill Lynch, Pearce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir.1981); *United States v. Carolina Transformer Co.*, 978 F.2d 832 (4th Cir.1992); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir.1986). Based on the foregoing, plaintiff is allowed to amend her complaint to reassert a RCRA cause of action against both the personal representatives and Rheman Company.

### B. *Strict Liability Claim*

■ Plaintiff attempts to assert a "strict liability" claim solely against Rheman Company pursuant to S.C.Code Ann. § 48–43–820(D) (Law.Co-op.1976 as amended). Plaintiff contends in its proposed amended complaint that because Rheman Company has polluted the water and land which is prohibited by S.C.Code Ann. § 48–43–20,[5] it is strictly liable to plaintiff pursuant to S.C.Code Ann. § 48–43–820. Defendants oppose this amendment by asserting that § 48–43–820(D) does not provide for a private cause of action.

This court was unable to find any South Carolina opinions addressing this issue. Indeed, neither party cited any cases for their positions. Specifically, § 48–43–820(D) states:

> In addition to any civil and criminal penalties imposed by this chapter, any person who violates any provisions of this

---

**3.** This section states:
Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.
28 U.S.C. § 2462.

**4.** The appropriate section, 42 U.S.C. § 6972(b)(2)(A), states: "No action may be commenced under subsection (a)(1)(B) of this section prior to ninety days after the plaintiff has given notice of the endangerment.... *See infra* note 2 (text of § 6972(a)(1)(B)).

**5.** Section 48–43–20 states: "The waste of oil and gas and the pollution of the water, air or land is prohibited." S.C.Code Ann. § 48–43–20 (Law. Co-op.1976 as amended).

chapter, or rules, regulations and orders of the commission, shall be liable to all third parties who may incur damage or injury because of such violations.

S.C.Code Ann. § 48–43–820(D) (Law.Co-op. 1976 as amended). Read in isolation, this section may appear to provide language indicating a private cause of action. Immediately preceding subsection (D), however, the statute states:

The penalties and liabilities provided in this section shall be recoverable by civil suit filed by the Attorney General in the name and on behalf of the commission in the court of common pleas of the county in which the defendant resides or in which any defendant resides, if there be more than one defendant, or in the court of common pleas of any county in which the violation occurred. The payment of any such penalty shall not operate to legalize any illegal oil, illegal gas or illegal product involved in the violation for which the penalty is imposed or relieve a person on whom the penalty is imposed from liability to any other person for damages arising out of such violation.

*Id.* at § 48–43–820(C). The South Carolina legislature did not clearly give in the statutory language of § 48–43–820 a right to a private cause of action.[6] It is not this court's job to create a private cause of action where the legislature has not first done so. Thus, based on the statutory language,[7] this court finds no private cause of action and plaintiff's motion to amend to include a strict liability claim pursuant to S.C.Code Ann. § 48–43–820(D) must be denied.

## III. CONCLUSION

It is therefore,

ORDERED, that plaintiff's motion to amend the complaint as to the Resource Conservation and Recovery Act claim reasserted against all defendants be GRANTED.

ORDERED, that plaintiff's motion to amend the complaint as to the strict liability against The Geo A. Rheman Co., Inc. claim pursuant to S.C.Code Ann. § 48–43–820 be DENIED.

AND IT IS SO ORDERED.

---

**6.** This court notes that in § 48–43–600(6) the legislature clearly gives a party the right to bring a civil suit for damages because of unlawful discharges as provided in § 48–43–580. Plaintiff is not claiming any damages under § 48–43–580. This court only notes this section in order to demonstrate, by example, that the legislature clearly was capable of formulating language to give a private cause of action. This language is distinguishable from the section at issue here, § 48–43–820(D), where there lies no clear entitlement to a private cause of action.

**7.** The language of the statute, read in its totality, seems to indicate that a violating person's liability to any third party would arise and be imposed in conjunction with the civil suit clearly authorized to be brought by the Attorney General.